**In re Jerome S. OLIVER and Francine W. Oliver, Debtors.**

**No. 11 B 34651.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Dec. 7, 2012.

Jonathan D. Parker, Geraci Law L.L.C., Chicago, IL, for Debtors.

Order on Rule 9024 Motion to Alter or Amend (Dkt. No. 41)

JACQUELINE P. COX, Bankruptcy Judge.

## I. Propriety of Flat Fee Award

On July 28, 2011 the Debtors and Geraci Law ("Geraci") entered into a Court–Approved Retainer Agreement—Rights and Responsibilities Agreement between Chapter 13 Debtors and Their Attorneys ("CARA") which provides for the payment of a $3500 flat fee to Geraci as compensation for representing the Debtors in this Chapter 13 case. Paragraph 15, page 3 of the CARA states that the lawyer will "[p]repare file, and serve all appropriate motions to avoid liens." *See* dkt. no. 1, page 46, Bankruptcy Case no. 11–34651. A separate Chapter 13 Retainer Agreement dated July 28, 2011 provides: "[t]hese fees are fixed, but the attorneys may apply to the court for additional fees if there are extraordinary circumstances, such as extended evidentiary hearings, contested adversary proceedings or appeals." *Id.* at 48.

On August 12, 2011 the Debtors and Geraci entered into a supplemental agreement for representation in an adversary proceeding to strip down tax liens recorded against the Debtors' property. *Id.* at 49.

The Debtors' petition for relief under Chapter 13 of the Bankruptcy Code was filed on August 25, 2011.

General Order 11–02 of the United States Bankruptcy Court for the Northern District of Illinois ("General Order 11–02") states (1) that every agreement between a debtor and an attorney for a debtor in a case under any chapter of the Bankruptcy Code must be in the form of a written document; (2) each such agreement must be attached to the statement that must be filed under Federal Rule of Bankruptcy Procedure 2016(b) in all bankruptcy cases; (3) in Chapter 13 cases all requests for awards of compensation must include a certification that required disclosures have been made; (4) that flat fees in Chapter 13 cases will only be awarded if the Court–Approved Retention Agreement has been entered into and (5) that flat fees will not be awarded if the debtor and the attorney have entered into any agreement other than the Court–Approved Retention Agreement.

On September 8, 2011 Geraci sought by motion a $3500 flat fee for compensation. *See* dkt. no. 14, Motion and Application for Compensation, Bankruptcy Case no. 11–34651. It includes a statement that the disclosure of compensation had been filed. It also includes a form where it has been checked that the attorney and the Debtors have entered into the Court–Approved Retention Agreement; included therein is a certification by the attorney that if a flat fee is being requested, the attorney and the debtor have not entered into any agreements other than the Court–Approved Retention Agreement. *See* dkt. no. 14, p. 3, Bankruptcy Case no. 11–34651. On October 29, 2012 the court granted the request for the $3500 flat fee. *See* dkt. no. 42, Bankruptcy Case no. 11–34651.

■ The attorney's certification that the attorney and the Debtors had not entered into any agreements other than the Court–Approved Retention Agreement is clearly untrue. The Rule 9024 Motion herein contradicts the certification; it alleges that the attorney and the Debtors entered into a supplemental agreement on August 12, 2011.

Because General Order 11–02 states that a flat fee will not be awarded in a Chapter 13 case if the debtor and the attorney have entered into any agreement other than the Court–Approved Retention Agreement, this court's October 29, 2012 order awarding Geraci a $3500 flat fee was entered in error. For that reason the October 29, 2012 fee award to Geraci is vacated. If fees have been distributed to Geraci pursuant to that order, Geraci is hereby ordered to disgorge those fees and is required to return them to Chapter 13 Trustee Thomas Vaughn on or before January 7, 2013.

The court recalls Bankruptcy Judge Goldgar's opinion in *In re Brent*, 458 B.R. 444 (Bankr.N.D.Ill.2011) which explores the history, validity and utility of flat fee programs in chapter 13 cases. Judge Goldgar found that an attorney representing a debtor in a Chapter 13 case misrepresented that he had entered into a Model Retention Agreement ("MRA") with the debtor where the attorney failed to disclose that he had altered the MRA by tacking on an "addendum" which allowed him to charge fees beyond the district's flat fee. Judge Goldgar sanctioned the attorney by ordering that he pay a fine of $10,000 and complete a course in legal ethics. The court indicated that its opinion would be forwarded for possible disciplinary action.

## II. Propriety of the Request for Additional Fees Pursuant to the Supplemental Agreement

Bankruptcy Code Section 330 governs fees to debtors' attorneys. 11 U.S.C. § 330(a)(4)(B) states:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

The chapter 13 case herein was dismissed on the Debtors' motion on October 22, 2012.

■ In *In re Phillips*, 291 B.R. 72, 82 (Bankr.S.D.Tex.2003) a court awarded a chapter 13 debtor's attorney minimal fees where the underlying case was dismissed before confirmation. That court noted that when a chapter 13 plan gets confirmed there is an obvious benefit to the debtor which presumably resulted, for fee allowance purposes, from services provided by debtor's attorney. The court noted

that in most cases no additional proof will be required of the beneficial nature of the attorney's services as a prerequisite to a fee award. That court also noted that to justify more than a nominal fee, it was not enough to show that pleadings were filed on time and in the proper form. More must be done; there has to be a reasonable belief that a plan could be confirmed and consummated. Geraci argues in its pleading herein that it pursued an adversary proceeding without more, without explanation of whether a plan could be confirmed and consummated. For that reason the court will deny the request to alter the denial of compensation of $2766.50

## III. Necessity of Pursuing an Adversary Proceeding

■ On September 26, 2012 Geraci sought an additional $2766.50 fee pursuant to the August 12, 2011 supplemental agreement. Paragraph 7 of that motion states that the services for which compensation was being sought were outside the scope of the CARA, in spite of paragraph 15 of the CARA that indicates that the attorney would pursue appropriate motions to avoid liens. That motion was denied on October 22, 2012. The Debtors report that it was denied because the court was concerned that a Federal Rule of Bankruptcy Procedure 3012 ("Rule 3012") motion could have been filed. It is probably less expensive for debtors to pursue strip downs and strip offs of liens by way of motions than by way of adversary proceedings which are separate lawsuits. The pleading before the court does not include a transcript of the October 22, 2012 hearing.

While the CARA provides that the services the attorney is to provide for the flat fee include filing and serving motions to avoid liens, Geraci explains that it pursued avoidance/adjustment of the tax lien via an adversary proceeding rather than by motion under Rule 3012 because that Rule does not cover strip offs or strip downs. Federal Rule of Bankruptcy Procedure 3012 provides:

> The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

The Advisory Committee Note, in part, states:

> Pursuant to § 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become important in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive such notice.

> An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. That proceeding is relevant to the basis of the lien itself while valuation under Rule 3012 would be for the purposes indicated above.

*See* William L. Norton & William L. Norton III, Norton Bankruptcy Law and Prac-

TICE 3d, Norton Bankruptcy Rules, at 261–62 (2012–2013).

> The Editor's Comment, in part, states:

> > If the purpose is to have the court determine the "validity, priority, or extent of a lien" rather than value the creditor's interest in the estate's interest in collateral, a complaint must be filed under the rules of Part VII, Adversary Proceedings, instead of a motion under Rule 3012.

*Id.*

The Advisory Committee Note and the Editor's Comment indicate that liens can be valued under Rule 3012. Geraci's position that Rule 3012 is not applicable is belied by the assertions made in the adversary complaint it filed herein. The adversary complaint filed by Geraci asks the court to value the lien of the IRS at $13,577. *See* Adversary Complaint 11–02322, where the Debtors specifically state that they seek to determine the nature and extent of the IRS lien and to strip off the unsecured portion of such lien (paragraph 116), that a federal tax lien attaches to all of the Debtors' property or right to property (paragraph 121) and that because the aggregate value of the Debtors' possessions was $13,577 (paragraph 120), the total value of the allowable IRS secured claim in the Debtors' bankruptcy case is $13,577 (paragraph 122).

On page 2 of the Rule 9024 Motion herein Geraci explains that Rule 3012 applies only to valuing collateral, not to determining whether a creditor's claim is secured by a lien and that if a creditor does not hold a lien because it is void under Bankruptcy Code section 506(d) there would never be a reason to value the collateral. However, the adversary complaint does not seek to void the IRS lien; it seeks to determine the amount of collateral value to which the lien attaches.

■ Collateral a debtor does not surrender must be valued for purposes of the plan; that value has to be paid during the term of the plan. KEITH M. LUNDIN, CHAPTER 13 BANKRUPTCY, 3D Ed. § 101–1. (2000 & Supp. 2012). Once the value of the lien is determined by the value of the collateral supporting it, that amount serves as the level of the creditor's secured claim in the plan. Once value is determined by a Rule 3012 motion a debtor need not pursue an adversary proceeding as Geraci suggests at paragraph 9 of the Motion herein: "[e]ven if Rule 3012 could be used in the process of stripping off or stripping down a lien, it would not be sufficient on its own to accomplish the task. Rule 3012 would accomplish the first step of stripping a lien—determining whether the lien is supported by collateral value. However, the determination, on its own, is not sufficient. Rule 7001(2) requires an adversary proceeding to actually remove a lien." Rule 9024 Motion to Alter or Amend, paragraph 9, dkt. no. 41, Bankruptcy Case no. 11–34651. This court disagrees. The secured claim value determined by resolution of the Rule 3012 motion goes into the Chapter 13 plan as the allowable amount of the secured claim in issue. "Courts have differed regarding whether a separate proceeding must be filed to obtain the bifurcation of a claim or whether it may be done, with appropriate notice to the creditor, by the terms of the plan." 8 COLLIER ON BANKRUPTCY § 1300.73[1][e] (Alan N. Resnick & Henry Sommer eds., 15th ed. rev.). Geraci is bound by the CARA provision where it agreed to pursue motions to avoid liens.

■ As noted in the Advisory Committees' Note and the Editor's Comment to Rule 3012, the Federal Rule of Bankruptcy Procedure 7001(2) requirement of an adversary proceeding applies to efforts to establish whether a lien exists and to what it attaches, not to the separate, less com-

plex issue of the value of the collateral supporting a lien.

The Rule 9024 Motion to Alter or Amend is **DENIED.**

This court's October 29, 2012 compensation order at docket number 42 is **VACATED.** The Motion and Application for Compensation at docket number 14 is **DENIED.**

The court will hold a status hearing on compliance with this order on January 14, 2013 at 11:00 a.m.